# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WESLEY TIMOTHY FULLARD,**

    **Plaintiff,**

vs.                                         **Case No. 4:16cv507-MW/CAS**

**CORIZON HEALTH SERVICES, INC.,
MARY W. THOMAS, R.N.,
C. RHODES, L.P.N., DR. PLISKIN,
and DR. V. MASA,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se and in forma pauperis, filed an amended complaint, ECF No. 12, and service was directed. ECF No. 14. Service has been carried out as to all Defendants who appeared to be named in the complaint. It now appears based on Plaintiff's recent motion requesting that service of process be carried out on Doctor V. Masa, ECF No. 32, that Plaintiff also intended to name Dr. Masa as a Defendant in this case. In so doing, Plaintiff does not desire to dismiss Corizon as a Defendant in this case.

Corizon Health Services, Inc. ["Corizon"] previously filed a motion to dismiss the amended complaint for failure to state a claim. ECF No. 21. Plaintiff was advised of his obligation to respond to the motion, ECF No. 22, and his response, ECF No. 31, has been considered along with the recently filed motion for service, ECF No. 32.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[1] "A claim has facial plausibility

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

Case No. 4:16cv507-MW/CAS

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of

the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 127 S.Ct. at 1966).  The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly,  550 U.S., at 555, 127 S.Ct. 1955).

Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6).  Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950.  The first consideration is whether the complaint presents "well-pleaded factual allegations" which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions" which "are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. at 1950. If the

complaint contains factual allegations that are well pled, the second step is to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief." *Id.* If so, a motion to dismiss should be denied. *Id.*, at 680, 129 S.Ct. at 1950-51 (citations omitted).

## ANALYSIS

Corizon argues that "liability only attaches if an unconstitutional policy or custom of the corporation causes the alleged deprivation of constitutional rights . . . ." ECF No. 21 at 6. Corizon points out that "there is no identification of an unconstitutional Corizon policy" and, "[i]n fact, there are no factual allegations regarding Corizon." *Id.* at 9. Without alleging a policy which caused Plaintiff harm, there is no viable claim against Corizon as the corporation cannot be liable based on the actions of its employees. *Id.* at 10.

When Plaintiff filed the amended complaint, he listed only four Defendants on page one of the complaint form. However, in listing the Defendants in Section IV of the amended complaint, he wrote: "Corizon Health Services, Inc.," and out to the right side, wrote: "Dr. V. Masa." ECF No. 12 at 3. It appears that Plaintiff intended to sue both Corizon and Dr. Masa as Defendants.

Review of the allegations of the amended complaint reveals that Plaintiff does not allege any facts showing a connection between Corizon and Plaintiff's alleged injury.  Plaintiff complains about the professional judgment of persons in the medical department and alleges they were deliberately indifferent to his medical needs, but Plaintiff does not allege any facts concerning a policy or custom of Corizon which was followed and which caused Plaintiff harm.  Indeed, Plaintiff alleged that proper procedures and protocols were *not* followed.  See ECF No. 12.

The Eighth Amendment of the United States Constitution requires that prisoners be provided treatment for their serious medical needs.  Failing to provide treatment because a defendant is "deliberately indifferent" to a prisoner's plight results in cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  A prisoner may sue a municipality which has a "custom or policy that constituted deliberate indifference to that constitutional right."  McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).  Although Corizon "is not a governmental entity, '[w]here a function which is traditionally the exclusive prerogative of the state (or here, county) is performed by a private entity,' that private entity, like a municipality, may be held liable under § 1983."

Ancata v. Prison Health Servs., 769 F.2d 700, 703 (11th Cir. 1985) (quoted in Fields v. Corizon Health, Inc., 490 F.App'x 174, 181-82 (11th Cir. 2012) (affirming that jury could "reasonably conclude that Prison Health's policy restricting the transportation to hospitals of inmates with serious medical needs was a direct cause of Mr. Fields' injuries.")). Yet, there are no facts alleged in the amended complaint which identify a policy of Corizon which was followed by medical staff and which caused Plaintiff injury. To the contrary, Plaintiff contends staff "did not comply" with Corizon's policy and did not have "Plaintiff immediately transported to an outside hospital" to treat his heart attack. ECF No. 31 at 11.

Rather, Plaintiff's response in opposition to the motion to dismiss reveals that Plaintiff seeks to hold Corizon liable for the actions of staff. ECF No. 31 at 10-14. The doctrine of respondeat superior or vicarious liability does not provide a basis for recovery for a § 1983 claim. Marsh v. Butler Cnty., 268 F.3d 1014, 1035 (11th Cir. 2001) (en banc) (cited in Farrow v. West, 320 F.3d 1235, 1249, n.1 (11th Cir. 2003); *see also* Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Dep't of Soc. Srvcs, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); *see also* Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct.

1061, 117 L. Ed. 2d 261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986).  Instead, for Corizon to be liable, there must be an identifiable policy which was "the moving force" behind Plaintiff's injury harm or which was followed and detrimentally exacerbated his condition.  See Fields v. Corizon Health, Inc., 490 F. App'x 174, 183-85 (11th Cir. 2012) (holding that prisoner "had a serious medical need that Prison Health's policy did not recognize as sufficient to warrant hospital care" and, as a result, prisoner suffered paralysis that "could have been averted.").  Because Plaintiff does not identify a policy or custom of Corizon which was followed and which caused him harm, the motion to dismiss Corizon from this case should be granted.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 21, filed by Corizon Health Services, Inc., be **GRANTED** and Plaintiff's amended complaint, ECF No. 12, be **DISMISSED** as to Corizon. It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 15, 2017.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**